Supreme Court in the first judicial department, entered December 21, 1923, which affirmed an order of Special Term confirming the reports of commissioners of estimate and of commissioners of assessment in condemnation proceedings to acquire lands for the opening of a street. The question in each case was whether it was proper to include in the area of assessment for benefit lands owned by a railroad corporation and used by it as a railroad yard. It was also contended that the assessment was excessive.

*Robert L. Luce* and *Charles M. Sheafe, Jr.*, for appellants.

*George P. Nicholson*, Corporation Counsel (*Joel J. Squier* and *William B. R. Faber* of counsel), for respondent.

Order in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Not sitting: LEHMAN, J.

---

348 MADISON AVENUE CORPORATION, Respondent, *v.* ROBERT P. MARSHALL et al., Copartners under the Firm Name of ROBERT P. MARSHALL & Co., Appellants.

*Landlord and enant — lease — cancellation of lease under clause providing therefor, a· option of landlord, upon appointment of receivers of tenant's property before commencement of term — liability of tenant for rent during term premises remained vacant.*

*348 Madison Ave. Corpn.* v. *Marshall*, 212 App. Div. 672, affirmed. (Argued October 6, 1925; decided October 20, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1925, which reversed an order of Special Term granting a motion to dismiss the complaint and denied said motion. The action was to recover rent. Plaintiff, as landlord, leased certain premises to defendants for a term of years. Subsequent to the execution of the lease, but before the commencement of the term, a receiver in bankruptcy was appointed for the tenant's property, whereupon plaintiff, as landlord, duly notified defendants, as tenant, that by reason of the appointment of such receiver plaintiff elected to and did terminate the lease in accordance with and subject to its terms. The com-

plaint alleged that thereafter plaintiff endeavored to relet the leased premises but was unable to do so, and it is sought to recover the rent reserved up to the time of the commencement of this action, under a subsequent clause of the lease reading: " In the event that this lease be ' terminated ' before the commencement of the term, as above provided, the landlord may, at the landlord's option, relet the leased premises, or any part or parts thereof, as the agent of the tenant * * *. In the event of re-entry or termination of this lease * * * the tenant shall remain liable until the time when this lease would have expired but for such termination for the equivalent of the amount of all the rent reserved herein, less the avails of re-letting * * *."

The following question was certified: " Does the first cause of action set forth in the amended complaint herein state facts sufficient to constitute a cause of action? "

*Stanhope Foster* for appellants.

*Winthrop A. Wilson* and *George E. Hite, Jr.,* for respondent.

Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, ANDREWS and LEHMAN, JJ. Dissenting: MCLAUGHLIN and CRANE, JJ.

---

In the Matter of the Claim of the TREASURER OF THE STATE OF NEW YORK, Respondent, against NIAGARA FALLS POWER COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — election of dependent of workman killed in the course of his employment to proceed against third parties — when award properly made to State Treasurer.*

*Matter of Treasurer of State of New York* v. *Niagara Falls Power Co.,* 214 App. Div. 751, affirmed.

(Argued October 6, 1925; decided October 20, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial